UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**WILKINSON OLOYEDE THOMAS #09866-509**     CASE NO. 2:25-CV-00613 SEC P

**VERSUS**     JUDGE JAMES D. CAIN, JR.

**FILIPE MARTINEZ JR ET AL**     MAGISTRATE JUDGE
     THOMAS P. LEBLANC

## ORDER

Before the Court is the Motion for Telephonic Participation in Any Scheduled Hearing [Doc. 2] filed by petitioner, Wilkinson Oloyede Thomas, in which petitioner requests that the Court permit him to appear telephonically at any hearing, oral argument, or proceeding scheduled in connection with this action. Plaintiff is currently incarcerated at the Federal Prison Camp in Oakdale, Louisiana ("FCI Oakdale I"), and this matter commenced with petitioner's filing of a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Doc. 1.

Generally, prisoners who bring civil actions have no right to be personally present at any stage of the judicial proceedings. The United States Supreme Court, more than three-quarters of a century ago, reasoned:

> Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by considerations underlying our penal system. Among those so limited is the otherwise unqualified right given by § 272 of the Judicial Code, 28 U.S.C. § 394 [now 28 U.S.C. § 1654] to parties in all courts of the United States to "plead and manage their own causes personally."

*Price v. Johnston,* 334 U.S. 266, 285-86, 68 S.Ct. 1049, 1060 (1948), *overruled on other grounds by McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454 (1991); *see also Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977) (holding an incarcerated *pro se* civil litigant's physical presence is not necessarily required, even at the trial stage). Nevertheless, the Court is mindful of petitioner's

interest in being permitted to participate in the prosecution of his case. While the Court will not enter an order granting the blanket relief requested by petitioner in the present motion, the Court will evaluate in accordance with all applicable legal standards each specific request by petitioner to appear in connection with a particular proceeding in the course of this action to determine whether and in what manner any such appearance might be appropriate. *See, e.g., Henderson v. Tanner*, No. CV 15-804-SDD-EWD, 2018 WL 1907957, at *2 (M.D. La. Apr. 23, 2018). Accordingly,

    **IT IS ORDERED** that the motion is **DENIED**.

    SO ORDERED at Lake Charles, Louisiana, this 12th day of June, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE