UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**WILKINSON OLOYEDE THOMAS**        **DOCKET NO. 25-cv-00613**
**REG. # 09866-509**                **SECTION P**

**VERSUS**                          **JUDGE JAMES D. CAIN, JR.**

**F. MARTINEZ, ET AL**              **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the court is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by Wilkinson Oloyede Thomas ("Thomas"), who is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. This matter is before us for initial review under 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED,** and this matter be **DISMISSED WITHOUT PREJUDICE**.

### I.    BACKGROUND

On August 6, 2021, Thomas was convicted by a jury on one count of conspiracy to dispense and distribute, or possess with intent to dispense and distribute, hydrocodone (count one), one count of conspiracy to dispense and distribute, or possess with intent to dispense and distribute, carisoprodol (count two), and one count of possession with intent to distribute a mixture and substance containing a detectable amount of hydrocodone (count eleven). *United States of America v. Thomas*, 4:20-CR-290-0(N.D. Tex.), doc. 926. He was sentenced to terms of imprisonment of 151 months as to counts one and eleven and 60 months as to count two, all to run concurrently. *Id*. at doc. 1865. Thomas appealed. *Id*. at doc. 1869. The United States Court of Appeals for the Fifth Circuit affirmed. *United States v. Capistrano*, 74 F.4th 756 (5th Cir. 2023).

The United States Supreme Court denied his petition for writ of certiorari. *Thomas v. United States*, 144 S. Ct. 517 (2023).

On May 20, 2024, Thomas filed a Motion to Vacate, set aside or correct sentence under 28 U.S.C.§ 2255, alleging that he was actually innocent of the offenses charged by the counts of conviction and that the jury instructions were defective. *Thomas v. USA,* 4:24-cv-435 (N.D. Tex, May 10, 2024), doc. 1. On January 15, 2025, the District Judge adopted the Magistrate's Report and Recommendation, denying Thomas' Motion to Vacate, set aside or correct sentence under 28 U.S.C.§ 2255. *Id*. at docs. 14, 15.

Petitioner now brings the instant 28 U.S.C. § 2241 Petition in this Court, challenging the constitutionality of his prosecution and arguing that this Court should review the merits of the petition under the savings clause. Doc. 1.

## II.   LAW & ANALYSIS

### A.  *Screening of Habeas Corpus Petitions*

A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. 28 U.S.C. § 2241

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

### C. 28 U.S.C. § 2255

"By contrast, a motion attacking a federal sentence pursuant to 28 U.S.C. § 2255 'provides the primary means for collateral attack on a federal sentence.'" *Cabello v. United States*, No. EP-24-CV-116-FM, 2024 WL 2064082, at *3 (W.D. Tex. May 8, 2024) (quoting *Pack*, 218 F.3d at 451) (further citations omitted*), aff'd sub nom. Cabello v. Hijar*, No. 24-50407, 2024 WL 4614718 (5th Cir. Oct. 30, 2024). Relief under § 2255 is warranted for errors that occurred at trial or sentencing. *Cox v. Warden,* 911 F.2d 1111, 1114 (5th Cir. 1990). A § 2255 movant may only bring his motion in the district of conviction and sentence. *Pack*, 218 F.3d at 451.

### D. Savings Clause

Generally, a federal prisoner who wants to challenge his conviction or sentence must seek relief under § 2255. *Cabello*, 2024 WL 2064082, at *3 (citing *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)). A federal prisoner may raise claims challenging his conviction or sentence in a § 2241 petition only if they fall within the "savings clause" of § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

In *Jones v. Hendrix*, 599 U.S. 465, 143 S. Ct. 1857, 216 L. Ed. 2d 471 (2023), the Supreme Court noted that § 2255(h) strictly limited second or successive § 2255 motions to those that contain:

> (1) Newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Jones*, 599 U.S. at 476 (quoting 28 U.S.C. § 2255(h)). The Court explained that, as to those challenges that fall outside of § 2255(h)—including challenges under § 2255(e)—"[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the savings clause. It means that he cannot bring it all." *Id.* at 480. "When a § 2241 petitioner cannot satisfy the savings clause requirements, the proper disposition is dismissal of the petition for lack of jurisdiction." *Cabello*, 2024 WL 2064082, at *4 (citing *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003)).

### E. Analysis

Thomas attacks his conviction and sentence, seeking the dismissal of his charges or, in the alternative, an evidentiary hearing based on alleged constitutional violations in the underlying criminal proceedings. As noted, a § 2255 motion, and not a § 2241 petition, "provides the primary means of collateral attack on a federal sentence." *Pack*, 218 F.3d at 451. "Nonetheless, the savings clause in § 2255(e) allows a district court with jurisdiction over a prisoner's custodian to entertain a § 2241 petition challenging a federal sentence if it first concludes that a § 2255 motion is

inadequate to challenge a prisoner's detention." *Cabello*, 2024 WL 2064082, at *4 (citing 28 U.S.C. § 2255(e)). "But a § 2255 motion is deemed adequate unless the § 2241 petitioner relies on (1) newly discovered evidence or (2) a new rule of constitutional law." *Id.*, at *4 (citing *Jones*, 599 U.S. at 469).

Petitioner concedes that he has previously filed a motion to vacate under § 2255 but argues that this petition is predicated upon new evidence which was not available at the time he initially filed his § 2255 motion. He relies upon the "Department of Justice's documented public admissions regarding civil enforcement practices against corporate pharmacy defendants." Doc. 1, p. 15. Specifically, Petitioner attaches the following: (1) typed reproduction of DOJ Walgreens Settlement Press Release dated November 2, 2022; (2) typed reproduction of DOJ Walmart Settlement Announcement dated December 20, 2022; (3) typed reproduction of DOJ Civil Enforcement Statements and Policy Declarations dated February 27, 2018; (4) typed reproduction of statement made by DOJ Associate Attorney dated April 2018; (5) typed reproduction of Walgreens Settlement Announcement by Acting Assistant Attorney General dated 2025; and (6) typed reproduction of DOJ Public Statement dated 2022. Doc. 1-2, pp. 4-5.

Thomas' initial § 2255 motion was filed on May 20, 2024. All but one of the typed reproductions of press releases and announcements relied upon by Thomas in support of the instant petition are dated years prior to the filing of his § 2255 motion. Moreover, Thomas does not contend that the evidence upon which he relies "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." 28 U.S.C. § 2255(h). Accordingly, Thomas cannot satisfy either prong of the stringent § 2255 savings clause test. "When a § 2241 petitioner cannot satisfy the savings clause requirements, the


proper disposition is dismissal of the petition for lack of jurisdiction." *Cabello*, 2024 WL 2064082, at *4 (citing *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003)).

### III.  CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 4th day of September, 2025.

_____
**THOMAS P. LEBLNAC**
**UNITED STATES MAGISTRATE JUDGE**