UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**WILKINSON OLOYEDE THOMAS #09866-509**      **CASE NO.  2:25-CV-00613 SEC P**

**VERSUS**      **JUDGE JAMES D. CAIN, JR.**

**FILIPE MARTINEZ JR ET AL**      **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court is a Motion for Reconsideration [doc. 13] filed by petitioner Wilkinson Oloyede Thomas under Federal Rules of Civil Procedure 59(e) and 60(b)(2), following the court's dismissal of his 28 U.S.C. § 2241 petition. The magistrate judge found, and the undersigned agreed in adopting the report and recommendation, that Thomas's petition did not satisfy the savings clause for attacking the constitutionality of his conviction through a § 2241 petition because (1) the evidence on which he relied was available at the time he filed his § 2255 motion and (2) he failed to show that the evidence was "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." Doc. 6, p. 5 (quoting 28 U.S.C. § 2255(h)).

Thomas now asks the court to reconsider based on purported new evidence in support of the first prong. Doc. 13. Before filing that motion, he also filed a Notice of Appeal to the Fifth Circuit. Generally, the filing of a notice of appeal divests the district court of jurisdiction over aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). District courts may, however, consider a

Rule 60(b) motion on the merits while an appeal is pending because such action "is in furtherance of the appeal." *Willie v. Cont'l Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984). Accordingly, the court will review Thomas's arguments.

In support of his savings clause argument, Thomas cites recent cases in which the Department of Justice pursued civil penalties against large retail pharmacies for violating the Controlled Substances Act. He maintains that these cases show "unconstitutional selective enforcement" in his conviction, as pharmacist in charge at a smaller entity, for what he deems identical conduct. Doc. 13, p. 2. But even though petitioner has discovered two new cases since the dismissal of his case, he cited several examples of earlier U.S. Department of Justice settlements in his petition to this court that were available at the time he filed original § 2255 motion. *See* doc. 6, p. 5. Petitioner's motion was thus predicated on evidence that was not "newly discovered," as required under § 2255(h).

Additionally, petitioner was convicted based on his individual actions in filling prescriptions that he knew to be invalid as part of a pill-mill operation. *See United States v. Capistrano*, 74 F.4th 756, 767–68 (5th Cir. 2023). The fact that the Department of Justice chose to pursue retail pharmacies through civil penalties does not reflect selective prosecution. The civil enforcement tools of the Controlled Substances Act require a lower burden of proof (preponderance of the evidence) and can provide sizable penalties per violation, making them a useful tool against corporate actors. *See* Leslie Matuja Wizner & Elliot M. Schachner, <u>Civil Enforcement of the Controlled Substances Act: An Important Weapon to Combat the Opioid Crisis</u>, 72 DOJ J. Fed. L. & Prac. 137, 138 (2024).

For these reasons, the court finds no basis on which to reverse its dismissal of this § 2241 petition. Accordingly, **IT IS ORDERED** that the Motion for Reconsideration [doc. 13] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 8th day of December, 2025.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**